J-S49022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY HOLDEN SMELTZER | : | |
| | : | |
| Appellant | : | No. 481 WDA 2020 |

Appeal from the PCRA Order Entered March 31, 2020
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000891-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY HOLDEN SMELTZER | : | |
| | : | |
| Appellant | : | No. 482 WDA 2020 |

Appeal from the PCRA Order Entered March 31, 2020
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000890-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 02, 2021**

Appellant, Timothy Holden Smeltzer, appeals from the Order entered

March 31, 2020, which dismissed his Amended Petition filed pursuant to the

---

[*] Former Justice specially assigned to the Superior Court.

Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant asserts ineffective assistance of counsel. After careful review, we affirm.

On June 7, 2018, Appellant entered a negotiated guilty plea to one count each of Retail Theft[1] and Indecent Assault,[2] based on allegations that he had stolen beer from a distributor and sexually abused his ten-year-old niece. In exchange for his pleas, the Commonwealth agreed to *nolle pros* additional crimes charged[3] and recommend a time-served sentence and probation. Appellant completed a written Guilty Plea Questionnaire and a Megan's Law Colloquy, in which he acknowledged that he would be required to register as a sex offender as a result of one of his crimes and that his period of registration would depend on the tier classification of the crime.[4]

On July 31, 2018, the lower court imposed a sentence of fifty-five days to two years of incarceration for Indecent Assault, with fifty-five days credit for time served, as well as one year of probation for Retail Theft to be served

---

[1] At Docket No. 890-2017, Appellant pleaded guilty to Retail Theft. 18 Pa.C.S. § 3929(a)(1).

[2] At Docket No. 891-2017, Appellant pleaded guilty to Indecent Assault. 18 Pa.C.S. § 3126(a)(7).

[3] At Docket No. 891-2017, the Commonwealth agreed to *nolle pros* charges for Corruption of Minors, Endangering Welfare of Children, and Indecent Assault. 18 Pa.C.S. §§ 6301(a)(1)(ii), 4304(a)(1), and 3126(a)(1), respectively.

[4] Appellant committed the Indecent Assault after December 20, 2012, and is subject to lifetime registration requirements as a Tier III offender pursuant to Subchapter H of the revised Sex Offender Registration and Notification Act (SORNA II). 42 Pa.C.S. §§ 9799.14(d)(8), 9799.15(a)(3).

concurrent to his term of incarceration. Appellant did not file any post-sentence motions and did not appeal from the Judgment of Sentence.

On August 15, 2019, Appellant *pro se* filed a PCRA Petition. The court appointed counsel, who filed an Amended Petition on November 15, 2019. In his Petition, Appellant claimed ineffective assistance of his plea counsel, Attorney Debra Yost, Esq., asserting that plea counsel had (1) failed to file post-sentence motions or a direct appeal so that Appellant could withdraw his plea, and (2) unlawfully induced Appellant's guilty plea by failing to inform him that he would be subject to lifetime registration as a sex offender.

On March 5, 2020, the PCRA court held an evidentiary hearing. Attorney Yost testified that she reviewed the Commonwealth's plea offer with Appellant and advised him that he would be subject to lifetime registration as a sex offender. In addition, Attorney Yost testified that Appellant never requested that she move to withdraw Appellant's plea or pursue appellate relief on his behalf.

Appellant also testified at the hearing and disputed Attorney Yost's testimony. He testified that (1) she had never advised him of his lifetime registration requirement, (2) he did not learn of this registration requirement until he reported to his probation officer after sentencing, and (3) he immediately sent Attorney Yost a letter asking to withdraw his plea and

appeal. Appellant presented no documentary evidence to support his testimony.[5]

On March 31, 2020, the PCRA court denied Appellant relief. In the Memorandum explaining its decision, the court specifically found Attorney Yost's testimony credible and Appellant's contrary testimony neither credible nor supported by other evidence of record.

Appellant timely appealed.[6] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

[1.] Whether the [PCRA] [c]ourt erred in denying the [Amended] [P]etition and finding [plea] counsel was not ineffective where Appellant's guilty plea was unknowing and involuntary where [plea] counsel failed to inform him that he could be subject to lifetime registration requirements[; and]

[2.] Whether the [PCRA] [c]ourt erred in denying the [Amended] [P]etition where [plea] counsel was ineffective for failing to file post-sentence motions and a notice of appeal despite Appellant's request[.]

Appellant's Br. at 8 (PCRA court's findings and suggested answers omitted).

_____

[5] Although Appellant had attached to his Amended Petition a copy of the jail's mail log indicating that he sent a letter the day after sentencing, Appellant did not present this log or any supporting documentation at the hearing supporting his claim that he had mailed a letter to counsel specifically requesting that she file a post-sentence motion or a direct appeal.

[6] Appellant filed a separate Notice of Appeal at each criminal docket. We granted Appellant's Application for Consolidation. *See* Order, 481 WDA 2020, 482 WDA 2020 (filed Apr. 20, 2020).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "[We] must defer to the PCRA court's findings of fact and credibility determinations, which are supported by the record." *Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018) (emphasis and citation omitted). However, we give no deference to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Appellant contends that plea counsel was ineffective. We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. *Jarosz*, 152 A.3d at 350 (citing *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009)).

**1. Unlawfully Induced Plea**

In his first claim, Appellant asserts that "the record is devoid of any testimony or written documentation" that Attorney Yost advised him that he would be classified as a Tier III sex offender subject to lifetime registration. *See* Appellant's Br. at 13. According to Appellant, counsel's failure to advise him of this consequence of pleading guilty to Indecent Assault rendered his plea involuntary and unknowing. *See* Appellant's Br. at 14-21. Appellant's claim is without merit.

"[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). Under the PCRA, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the petitioner] to enter an involuntary or unknowing plea." *Fears*, 86 A.3d at 806–07 (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Wah*, 42 A.3d at 338-39 (citations omitted). In this context, "to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted).

In denying Appellant relief, the PCRA court expressly found that Appellant "was, in fact, advised of the lifetime registration requirement,

notwithstanding the fact that he now denies any knowledge of it." PCRA Ct. Mem., 3/31/20, at 7.

The certified record supports this finding. Attorney Yost testified at the PCRA evidentiary hearing as follows:

> Now, the [Megan's Law] [C]olloquy, itself, that we filled out, that I filled out with [Appellant], didn't specify his exact charge or what the tier was, but I do have a document in the file that is a copy of 42 [Pa.C.S. §] 9799.13. I did show him where a plea to [I]ndecent [A]ssault, Section 3126(a)(7) was a tier 3 offense, and that under [42 Pa.C.S. §] 9799.15, a tier 3 offense registration would be for the life of the individual.

N.T. PCRA Hearing, 3/5/20, at 5. The PCRA court found this testimony credible, **see** PCRA Ct. Mem. at 3, and we will not disturb this finding on appeal.

In support of his argument, Appellant cites **Commonwealth v. Hart**, 174 A.3d 660 (Pa. Super. 2017). **See** Appellant's Br. at 14-20. In **Hart**, a panel of this Court vacated an appellant's judgment of sentence after concluding that, because neither the trial court, his trial counsel, nor the Commonwealth informed the appellant of SORNA's registration requirements, he entered the plea without knowledge of the consequences arising from his plea. 174 A.3d at 665. Here, the evidence found credible by the court established that Appellant was informed prior to entering his plea that he would have to register as a sex offender: Appellant completed a Megan's Law Colloquy and Attorney Yost had informed him that pleading guilty to Indecent Assault would require his lifetime registration as a sex offender. Thus, **Hart** is inapposite to Appellant's claim, and no relief is due.

- 7 -

**2. Failure to File Post-Sentence Motions or a Direct Appeal**

In his second issue, Appellant asserts that Attorney Yost was *per se* ineffective when she failed to file post-sentence motions and an appeal despite Appellant's request. Appellant's Br. at 22. According to Appellant, the record reflects that he sent a letter to counsel from the Armstrong County Jail on August 1, 2018, one day after sentencing, in which Appellant requested to withdraw his plea and/or appeal. ***Id.*** This claim is without merit.

Our Supreme Court has held that an unjustified failure to file a requested direct appeal constitutes ineffective assistance of counsel *per se*. ***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999). Thus, a petitioner need not establish prejudice or demonstrate the merits of issues that would have been raised on appeal. ***Id.*** "However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted).[7]

In denying this claim, the PCRA court found that Appellant had not asked Attorney Yost to file post-sentence motions or an appeal. Further, in addressing this issue in its Rule 1925(a) Memorandum, the court explicitly

---

[7] In ***Ousley***, the Court recognized that counsel had a legal duty to consult with a defendant about an appeal where a rational defendant would want to appeal or the particular defendant demonstrated an interest in appealing. 21 A.3d at 1244-45. Appellant has not asserted that Attorney Yost incurred a legal duty to consult with him as to the advantages or disadvantages of an appeal, nor do the circumstances suggest a duty in this case.

concluded that Appellant's contrary testimony "was not credible because [it] is not substantiated by anything in the record." PCRA Ct. Pa.R.A.P. 1925(a) Mem., 4/20/20, at 3.

The record supports the PCRA court's findings. Attorney Yost testified that she had not received any correspondence from Appellant indicating his desire to appeal. N.T. PCRA Hearing at 9. On cross-examination, Attorney Yost reiterated that Appellant never asked her to file post-sentence motions or an appeal. *Id.* at 15-16. Appellant proffered no documentation to support his claim of *per se* ineffective assistance of counsel.

We will not disturb the credibility determinations of the PCRA court. Further, because Appellant presented no documentary evidence to support his assertion that he asked counsel to file a post-sentence motions or a direct appeal, there is no merit to Appellant's *per se* ineffectiveness claim. Thus, no relief is due.

**Conclusion**

Appellant has not established grounds for relief on either of the claims raised in this appeal. The record supports the PCRA court's findings, and we discern no legal error. We, thus, affirm the PCRA court's decision to deny Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/02/2021